UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   NOT FOR PUBLICATION

ANTONIO YNOA,

                Plaintiff,
  -against-                           MEMORANDUM AND ORDER
                                          14-CV-0015 (PKC) (JO)

GOOGLE, INC., YOUTUBE, LLC;
DAILY MOTION,

                Defendants.
----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On March 3, 2014, plaintiff Antonio Ynoa, appearing *pro se,* filed this action against defendants invoking the Court's diversity jurisdiction. The Court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order. The complaint is dismissed for lack of subject matter jurisdiction as set forth below.

*BACKGROUND*

Plaintiff alleges that defendants "[o]n or about November-December, 2011, . . . used and appropriated Antonio Ynoa's name and likeness without consent or permission." Compl. at 2. Specifically, plaintiff alleges that a "30 second film titled 'Aggressive Drunk on Jet Blue' portraying Antonio Ynoa's likeness . . . and his name . . . for profit and financial gain without regards to Antonio Ynoa's safety, privacy and solitude." *Id.* Plaintiff alleges that he sustained, *inter alia*, bodily harm and the loss of a front tooth. *Id.* at 3. He seeks $100 million dollars in compensatory damages and $100 million in punitive damages from each defendant plus legal fees of $500,000. *Id.* at 4.

The Court takes judicial notice that on October 18, 2013, plaintiff was convicted of one count of interference with a flight attendant on a Jet Blue Airways flight on November 26, 2011. *See United States v. Ynoa*, No. 12-CR-155 (CBA) (E.D.N.Y. Oct. 21, 2013).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (*per curiam*); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). On the other hand, "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Swither*, 131 S.Ct. 1289, 1296 (2011). All that is required is "a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.*

Nonetheless, the Court is required to dismiss a complaint, filed *in forma pauperis*, if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Furthermore, this Court has an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001); Fed. R. Civ. P. 12(h)(3).

*DISCUSSION*

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a).

Here, plaintiff invokes diversity jurisdiction, but fails to meet the complete diversity required for jurisdiction under § 1332(a). *Lincoln Property Co. v. Roche,* 546 U.S. 81, 89 (2005); *see also Cushing v. Moore,* 970 F.2d 1103, 1106 (2d Cir. 1992) ("complete diversity [required] between all plaintiffs and all defendants"). Plaintiff and at least one defendant, Daily Motion, are citizens of New York. *See* Compl. at 1 ("Daily Motion, defendant, has [its] principle place of business at 154 5th Avenue, Suite 704, New York 10010; Antonio Ynoa, Plaintiff, resides at 558 Ridgewood Avenue 2nd Floor, Brooklyn, New York 11208"). Therefore, the complaint lacks complete diversity.[1]

---

[1] Even if plaintiff had satisfied the complete diversity requirement, he fails to plead sufficient facts to support his claim that the amount in controversy is in excess of $75,000. *See, e.g., Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (1994) ("[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy."); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1984) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory

CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed, without prejudice, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

_____/s/_____
Pamela K. Chen
United States District Judge

Dated: March 24, 2014
      Brooklyn, New York

---

jurisdictional amount."). Plaintiff fails to offer any basis to support his claim for what appears to be $600 million in compensatory and punitive damages against defendants.